# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DAVY JOE MUSGRAVE,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-09-1276-D |
| | ) |
| **MICHAEL J. ASTRUE,** | ) |
| **Commissioner, Social Security** | ) |
| **Administration,** | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying his applications for disability insurance benefits and supplemental security income benefits. United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. ____). As the parties have briefed their respective positions, the matter is now at issue. For the following reasons, it is recommended that the decision of the Commissioner be affirmed.

## I. PROCEDURAL HISTORY

Plaintiff filed his applications for disability insurance and supplemental security income benefits on May 1, 2006, with a protective filing date of April 18, 2006, alleging an

inability to work since July 8, 2004, as a result of damage to his left shoulder. Tr. 101-03, 107-110, 115, 119. Plaintiff's applications were denied initially and on reconsideration at the administrative level. Tr. 48, 49, 50, 51, 52, 53-56, 57-60, 65-67, 68-70. Pursuant to Plaintiff's request, a hearing was held before an administrative law judge on August 20, 2008. Tr. 16-47, 71. Plaintiff appeared with his attorney and offered testimony in support of his applications. Tr. 18, 20-43. A vocational expert also testified at the request of the administrative law judge. Tr. 43-46, 88. The administrative law judge issued her decision on January 27, 2009, finding that Plaintiff was not disabled. Tr. 5-7, 8-15. The Appeals Council denied Plaintiff's request for review on September 16, 2009, and the decision of the administrative law judge thereby became the final decision of the Commissioner. Tr. 1-4.

## II. THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process required by 20 C.F.R. §§ 404.1520, 416.920. Tr. 9-10. She first determined that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date of July 8, 2004. Tr. 10. At steps two and three, the administrative law judge determined that Plaintiff suffers from cervical degenerative disc disease, history of left shoulder impingement syndrome, status post left rotator cuff partial tear, all of which she found to be severe impairments, but she found no impairment or combination of impairments to meet or equal the criteria of any listed impairment described in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations. Tr. 10, 12. The administrative law judge also found that Plaintiff suffers from slight depression, but that this impairment was

2

not severe. Tr. 11. The administrative law judge next determined that Plaintiff has the residual functional capacity (RFC) to perform light work, but that he cannot climb ladders, ropes, or scaffolds, cannot balance, cannot reach overhead with the left upper extremity, and cannot grasp or finger with his left hand. Tr. 12. Based on this RFC, and the testimony of a vocational expert, the administrative law judge determined at step four that Plaintiff cannot perform his past relevant work of electrician helper, property custodian, or plumbing laborer. Tr. 13-14. However, based on the framework established by the Medical-Vocational guidelines and the testimony of the vocational expert, the administrative law judge found that a person with Plaintiff's vocational factors and RFC could perform other work that exists in significant numbers in the economy, such as maintenance dispatcher, general clerk, and photo finishing counter clerk. Tr. 14-15. Accordingly, the administrative law judge found Plaintiff not disabled and not entitled to benefits. Tr. 15.

## III. STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> [W]e[1] independently determine whether the [administrative law judge's] decision is "free from legal error and supported by substantial evidence." Although we will "not reweigh the evidence or retry the case," we "meticulously examine the record as a whole, including anything that may

---

[1] Although the Tenth Circuit Court of Appeals was discussing its own standard of review, the same standard applies to the federal district court's appellate review of social security cases. Hamilton v. Secretary of Health & Human Services, 961 F.2d 1495, 1502 n. 1 (10th Cir. 1992) ("as the second-tier appellate court, a circuit court does apply the same standard of review as the district court-the standard applicable to appellate review of individual social security cases").

3

undercut or detract from the [administrative law judge's] findings in order to determine if the substantiality test has been met."

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." Our determination of whether the [administrative law judge's] ruling is supported by substantial evidence "must be based upon the record taken as a whole." Consequently, we remain mindful that "[e]vidence is not substantial if it is overwhelmed by other evidence in the record."

Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted).

To determine whether a claimant is disabled, the Commissioner employs a five-step sequential evaluation process:

Step one requires the agency to determine whether a claimant is "presently engaged in substantial gainful activity." If not, the agency proceeds to consider, at step two, whether a claimant has "a medically severe impairment or impairments." An impairment is severe under the applicable regulations if it significantly limits a claimant's physical or mental ability to perform basic work activities. At step three, the [administrative law judge] considers whether a claimant's medically severe impairments are equivalent to a condition "listed in the appendix of the relevant disability regulation." If a claimant's impairments are not equivalent to a listed impairment, the [administrative law judge] must consider, at step four, whether a claimant's impairments prevent her from performing her past relevant work. Even if a claimant is so impaired, the agency considers, at step five, whether she possesses the sufficient residual functional capability to perform other work in the national economy.

Wall, 561 F.3d at 1052 (citations omitted). The claimant bears the burden to establish a prima facie case of disability at steps one through four. Williams v. Bowen, 844 F.2d 748, 751 & n.2 (10th Cir. 1988). If the claimant successfully carries this burden, the burden shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy given the claimant's age,

4

education, and work experience. Id. at 751.

## IV. PLAINTIFF'S CLAIM ON APPEAL

On appeal, Plaintiff raises one general claim of error. He claims that the administrative law judge erred by denying benefits at step five of the sequential process on the basis of vocational testimony that was contrary to the Dictionary of Occupational Titles (DOT) without obtaining an explanation for the variance. Plaintiff's Opening Brief, 10. More specifically, he claims that the administrative law judge did not obtain an explanation of how a person who can only use one hand could still perform the manipulative demands of jobs that the DOT states require fingering and handling from 1/3 to 2/3 of the day. Id. at 13. He also claims that the vocational expert mischaracterized the specific vocational preparation (SVP) level for one of the jobs she identified – that of maintenance dispatcher – which she described as the lowest level semi-skilled work at SVP 3, but is described by the DOT as having an SVP of 4. Tr. 13-14. He also claims that the vocational expert's testimony was inadequate to prove that he had acquired skills transferable to the job of maintenance dispatcher. Id. at 14-15.

The Commissioner responds that Social Security Ruling 85-15, 1985 WL 56857, provides authoritative guidance for situations in which a claimant has manipulative limitations, and calls for consulting with a vocational expert to clarify the implications of any limitations in reaching, grasping, or fingering. Commissioner's Brief, 6. He claims that the DOT definitions contain the approximate maximum requirements for each position, and the vocational expert's testimony considered all of the limitations contained in the RFC finding

to clarify that someone with reaching, grasping, and fingering limitations on the left side could perform the jobs she identified. Commissioner's Brief, 7-8. With regard to Plaintiff's arguments regarding transferable skills, the Commissioner notes that even if Plaintiff were correct with regard to the job in question, the administrative law judge also found that Plaintiff could perform other unskilled jobs that exist in significant numbers. Commissioner's Brief, 10.

### A. ERROR IN TRANSFERABLE SKILLS OR SVP OF IDENTIFIED JOBS

Before proceeding to discussion of the alleged conflict with the DOT due to Plaintiff's limitations on use of his left extremity, the undersigned finds that any error regarding the existence of transferable skills need not be considered as the vocational expert's identification of unskilled jobs which exist in significant numbers makes any such error non-dispositive of this appeal. The vocational expert testified that there are 242,000 counter clerk photo finishing jobs in the national economy, and that there are 3400 such jobs in Oklahoma. Tr. 45. This number is well over the number of jobs the Tenth Circuit Court of Appeals has found to be significant. See Trimiar v. Sullivan, 966 F.2d 1326, 1330-32 (10th Cir. 1992); cf. Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004).

### B. CONFLICT BETWEEN VOCATIONAL TESTIMONY AND THE DOT

An administrative law judge has a duty to investigate and obtain a reasonable explanation for any conflict between the DOT and vocational expert testimony before the administrative law judge may rely on that expert testimony as substantial evidence. Haddock v. Apfel, 196 F.3d 1084, 1087 (10th Cir. 1999). In December of 2000, the Social Security

Administration adopted a ruling clarifying "the standards for identifying and resolving" conflicts between vocational expert testimony and the DOT. Social Security Ruling 00-4p, 2000 WL 1898704. After noting that the Social Security Administration takes "administrative notice of 'reliable job information' available from various publications, including the DOT," the ruling set forth the following standard:

> Occupational evidence provided by a [vocational expert] generally should be consistent with the occupational information supplied by the DOT. When there is an apparent unresolved conflict between [vocational expert] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert] evidence to support a determination or decision about whether the claimant is disabled. *At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is such consistency*.

Id. at 2000 WL 1898704, at *2. If there is a conflict, the ruling instructs the adjudicator to determine if the explanation given by the vocational expert provides a reasonable basis for relying on that testimony rather than the DOT information. Id. Agency rulings are binding on the administrative law judge, Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993), and this ruling unambiguously requires questioning of the vocational expert before the administrative law judge can assess the consistency of the testimony with the DOT.

In this case, the administrative law judge's RFC finding included limitations related to the problems in Plaintiff's left arm, including an inability to reach overhead with the left upper extremity, and an inability to grasp or finger with his left hand. Tr. 12, 44.

According to the DOT, the job of photo finishing counter clerk See DOT § 249.366-010, 1991 WL 672323, requires occasional reaching, handling and fingering. The DOT job

description does not address whether this job can or cannot be done by a person with the use of only one hand. The administrative law judge specifically asked the vocational expert if there was any conflict between her testimony and the DOT, and she testified that there was not. Tr. 46.

The undersigned finds that the vocational expert's testimony that Plaintiff can perform the job of photo finisher counter clerk does not conflict with the DOT. As argued by the Commissioner, courts have declined to find a conflict in similar circumstances. For example, in Carey v. Apfel 230 F.3d 131, 145 (5th Cir. 2000), the claimant also argued that the vocational expert's testimony that he could perform the jobs of ticket taker and cashier with only one arm was in conflict with the DOT, since both jobs require handling and fingering between one-third and two-thirds of the day. The Fifth Circuit Court of Appeals characterized the claimed conflict as "tangential":

> We are not persuaded that the facts of this case present any actual conflict between the vocational expert's testimony and the DOT. The DOT does not contain any requirement of bilateral fingering ability or dexterity, and the vocational expert specifically testified that the jobs of cashier and ticket seller could be performed with the use of only one arm and hand. Id. at 146.

The Court then noted that plaintiff's counsel was given an opportunity to cross-examine the vocational expert on the affect that amputation of plaintiff's left arm had on his ability to perform the two jobs identified by the vocational expert, but he did not. Carey, 230 F.3d at 146. The Court then stated:

> Given the tangential nature of the conflict alleged here, we surmise that Carey's argument actually reduces to a factual disagreement about whether a person with one arm can perform a job requiring some degree of manual

8

> dexterity and fingering. The regulatory structure as well as the controlling precedent requires expert testimony on such issues, and there is no indication in this record that the vocational expert's testimony that Carey could perform those jobs with one arm and hand was incorrect.

Id. at 146 (citations omitted). The Tenth Circuit Court of Appeals, relying on Carey, has held that vocational testimony is sometimes necessary to clarify how the DOT's broad descriptions apply to a specific case, and that such testimony does not equal a conflict. Segovia v. Astrue, No. 05-7008, 226 Fed.Appx. 801, 804 (10th Cir. Mar. 23, 2007) (administrative law judge properly relied on vocational expert's testimony that claimant limited to occasional reaching could perform job despite DOT's broad categorization of the general reaching requirement as "frequent").[2] The Tenth Circuit found in yet another case that the administrative law judge had no further duty to investigate where the vocational expert testified that he relied on the DOT and the claimant failed to identify any discrepancies. Gibbons v. Barnhart, No. 03-6021, 85 Fed.Appx. 88, 93 (10th Cir. Dec. 18, 2003) (to the extent there is implied or indirect conflict between vocational expert's testimony and the DOT, the administrative law judge may rely on the vocational expert's testimony) (quoting Carey). Finally, in Trimiar v. Sullivan, 966 F.2d 1326, 1333 (10th Cir. 1992), the Tenth Circuit noted that vocational testimony was required when the light and sedentary occupational base has been eroded due to the claimant's loss of use of one arm. Logically then, there must be some jobs in those ranges that can be performed by a claimant

---

[2]This and any other unpublished disposition are cited pursuant to Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

9

who does not have bimanual dexterity.  Id. ("individuals are not expected to perform sedentary work *that requires the use of both hands*") (emphasis added).

Much like Carey, Plaintiff was given the opportunity to cross-examine the vocational expert as to his ability to perform the jobs she identified with the limitations in use of his left arm.  Tr. 46.  However, his attorney had no questions of the vocational expert.  Tr. 46.  Further, like Carey, the DOT does not address whether bilateral fingering and handling are required in the job of counter clerk photo finishing, and thus, no actual conflict between the vocational expert's testimony and the DOT has been shown.  The vocational expert provided the expert testimony to support the finding by the administrative law judge that there are jobs available Plaintiff can perform, considering his RFC.

## **RECOMMENDATION**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be affirmed. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by September 13, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P.  72. This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 23rd day of August, 2010.

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE